UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAREN KARL** | **CIVIL ACTION** |
| **VERSUS** | **NO:      05-4891** |
| **MARRIOTT INTERNATIONAL, INC.** | **SECTION: "C" (4)** |

## ORDER

Before the Court is **Plaintiff's Third Motion to Compel (doc. # 46)** filed by the plaintiff, Karen Karl, seeking an order from this Court compelling defendants, Schindler Elevator Company and Marriot International Inc., to fully and completely respond to interrogatories and requests for production of documents.  The defendants filed an opposition memorandum.

**I.      Background**

Karl, a resident of Florida, filed an action in Louisiana state court alleging that during her stay at the Marriott Hotel in New Orleans the elevator doors malfunctioned and struck her body causing her severe and extensive bodily injury.  She brought suit against Marriot and the manufacturer of the elevator, Schindler Elevator Company.

Starting on November 1, 2005, Karl served several sets of interrogatories and requests for production on the defendants.  The defendants responded and  Karl, unsatisfied with the responses, filed her first motion to compel seeking more complete responses to the first and second sets of discovery, and seeking responses to the third set.  This Court ruled on her first motion to compel in

October of 2006 granting it in part and denying it in part. (*See* Rec. Doc. No. 33).

Specifically relevant to this motion is this Court's earlier ruling on Interrogatory Number 15. This interrogatory requested the identification of maintenance records for all of the elevators in the Marriott for a period of five years. Schindler objected to producing the records for all of the elevators and further objected that five years was overbroad. It then provided maintenance records for three months before and three months after the accident for the one elevator that was involved in the accident.

During the earlier hearing, the Court concluded that three months was too limited but only expanded the time period to six months because Karl was unable to show why records for the five years preceding the accident were necessary. The Court also limited the request to the elevator in question.

In December of 2006, Karl filed a second motion to compel that was denied on procedural grounds. (*See* Rec. Doc. No. 41). Karl then filed the subject motion to compel.

**II.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant of the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

**III.    Analysis**

In the subject motion to compel Karl seeks three things, an expansion of the time period for the production of maintenance records, elevator logs that were allegedly produced in *Kirkland v. Marriott*, an earlier case in the Eastern District of Louisiana involving the same hotel and defendants, and a response to Interrogatory Number 18.[1] The Court will address these in turn.

### A.   Time Limit

Karl contends that the six month limit imposed by this Court in its earlier ruling in response to her motion to compel Interrogatory Number 15 does not provide sufficient information for her expert to complete his expert report.[2] In support of her contention she provides the affidavit of her expert, C. Stephen Carr. According to Carr's affidavit, long term records of at least three years prior to the accident are absolutely critical to his analysis. He also states that records from the time of the accident to the present are needed to validate his physical inspection of the elevator because these records may chronicle any changes made between the time of the accident and the present.

The defendants contend that simply because the expert requests the time period does not provide sufficient cause to deviate from this Court's prior order. The defendants also attached an affidavit Carr provided in another case against Schindler where he indicated that he only required two years of records.

The Court concludes that Carr's affidavit provides sufficient cause to modify its earlier ruling on Interrogatory Number 15. However, the Court is not persuaded that the time period of three years before the accident to the present is necessary. Accordingly, the interrogatory will be limited to include the maintenance records for the period of two years prior to the accident to one year after

---

[1] Interrogatory Number 18 was not addressed in her first motion to compel.

[2] Karl does not explicitly phrase her request as a motion to reconsider or modify this Court's earlier ruling on her motion to compel Interrogatory Number 15, but this Court will treat that portion of the motion as such.

the accident. Thus, to the extent that Karl seeks to modify this Court's earlier ruling on Interrogatory Number 15, the request is granted.

### B.     Black Books

Karl alleges that the defendants in *Kirkland v. Marriot* provided black books or logs kept by its employees depicting when the elevator had problems and what actions the employees took to fix the problems. *See Kirkland v. Marriot*, CIV.A. 04-0910 (E.D.La.).[3] She contends the logs should have been produced in response to any number of interrogatories and requests for production she propounded on the defendants but that the defendants never produced any logs.

The defendants contend that no such black books or logs were produced in the *Kirkland* matter, instead a witness in the *Kirkland* matter indicated that such logs existed. Further they contended that Karl never specifically requested these logs or black books in any of her discovery.

After reviewing the discovery propounded by Karl, the Court notes that nowhere did Karl specifically ask for these logs. In the absence of any request or interrogatory for these logs there is nothing for the Court to compel. Accordingly, Karl's request for the production of the black book or logs is denied.

### C.     Interrogatory Number 18

Interrogatory Number 18 requests that the defendants "state whether any elevators at the New Orleans Marriott Hotel were designated as unsuitable for guest occupation or guest use from August 1999 to August 2004 as a result of elevator malfunctions. Please identify those elevators by number." The defendants responded to the objection by stating that the interrogatory was not limited to a reasonable time frame, factual scope, or substantially similar incidents. It also objected on the

---

[3] Kirkland involved the alleged failure of the braking mechanism in the elevator causing the elevator to fall nine stories and trapping the passengers in the basement for approximately 45 minutes.

basis that "unsuitable" and "malfunction" were not defined.

The Court notes that the definitions of "unsuitable" and "malfunction" are well known and sustaining the objection on that basis could result in requiring a party to provide pages of definitions for everyday words in discovery. The Court concludes that such an objection is meritless. The Court will, however, limit the interrogatory to the elevator in question and for the time period of 2 years prior to the accident and one year after the accident. Accordingly, the objection is overruled and the motion to compel Interrogatory Number 18, as limited, is granted.

Accordingly,

**IT IS ORDERED THAT Plaintiff's Third Motion to Compel (doc. # 46)** is **GRANTED IN PART** and **DENIED IN PART**.

It is **GRANTED** to the extent that Karl sought to modify this Court's earlier ruling on the temporal scope on Interrogatory Number 15. The defendants must provide a supplemental response to Interrogatory Number 15 for the time period of two years prior to accident and one year after the accident no later than seven days from the signing of this Order.

It is further **GRANTED** to the extent that the defendants must answer Interrogatory Number 18 as modified above, no later than seven days from the signing of this Order.

It is **DENIED** to the extent that Karl sought the production of black books or logs as they wre not requested by Karl.

New Orleans, Louisiana, this  16th  day of May, 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**