UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAREN KARL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4891** |
| **MARRIOT INTERNATIONAL, INC. AND SCHINDLER ELEVATOR CORPORATION** | **SECTION: "C" (4)** |

## ORDER AND REASONS

Before the Court are cross motions for Summary Judgment, filed by the defendant, Schindler Elevator Corporation ("Schindler") (Rec. Doc. 89), and the plaintiff, Karen Karl ("Karl") (Rec. Doc. 96). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment should be granted in favor of Schindler.

**I. BACKGROUND**

This matter arises from an incident that occurred on August 1, 2004 within the Marriott Hotel in New Orleans, Louisiana. Karl alleges that an elevator malfunctioned. Specifically, she states that as she was getting onto an elevator, the elevator doors closed prematurely and injured her shoulder. It is undisputed that Schindler was responsible for maintaining the elevators inside the Marriott Hotel. Karl asserts that Schindler was negligent because it failed to properly maintain the elevator; Karl seeks damages for, *inter alia*, medical expenses, pain and suffering, mental anguish, and lost wages. Schindler filed a motion for summary judgment asserting that it

reasonably maintained the elevator.  Indeed, Schindler argues that it did not fail to perform any duty, and that there is no evidence that Schindler's conduct was the cause of any alleged injury. Karl has filed a cross-motion for summary judgment.[1]

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory

---

[1] The Court notes that Schindler opposes the cross-motion for summary judgment by arguing that it was untimely filed.  The Court agrees that Karl's motion is untimely under the Court's Scheduling Order; however, the substance of both motions have been considered.

allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 884-85 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649-51 (5th Cir. 1992). The "initial burden" imposed on the moving party has two parts: the burden of production and the ultimate burden of persuasion. *Celotex Corp.*, 477 U.S. at 330. The manner in which the moving party may satisfy the burden of production "depends upon which party will bear the burden of persuasion on the challenged claim at trial." *Id.* at 331.

### III. LAW & ANALYSIS

The parties agree that Louisiana negligence principles govern this action. However, the parties disagree regarding the burden of persuasion. Karl asserts that the doctrine of *res ipsa loquitur* should apply, and thus, Schindler should carry the burden of proving that it was not negligent. In contrast, Schindler argues that the burden of proof is placed upon the plaintiff to show a prima facie case of negligence under Louisiana law. The Court notes that under Louisiana law, *res ipsa loquitur* is "a qualification of the general rule that negligence is not to be presumed [and] must be sparingly applied." *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1362 (La. 1992). In a similar elevator malfunction case, a Louisiana state court held that "the plaintiffs must show that [the defendant] as the maintenance contractor breached its duty to exercise reasonable care in the performance of services under its contract . . . and that [defendant's] conduct was a cause in fact of the resulting injury." *Rabito v. Otis Elevator Co.*, 633 So.2d 368, 372 (La.App. 4 Cir. 1994). Yet, the Louisiana Supreme Court in *Spott* did not preclude the possibility that *res ipsa* applies to elevator malfunction cases.[2]

---

[2] The *Spott* court concluded that even if *res ipsa* shifted the burden onto the defendant, the elevator maintenance company had sufficiently rebutted any presumption of negligence by offering evidence that the elevator had a possible defect. *Spott*, 601 So.2d at 1363.

As already discussed, the moving party bears the burden of demonstrating an absence of a genuine issue of material fact at the summary judgment stage of these proceedings. In this matter, Schindler claims that Karl has the burden of persuasion at trial, and the Court will initially analyze the case in that posture. The Supreme Court identified two methods for a moving party to meet its burden of production when the burden of persuasion belongs to the non-moving party at trial. "First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim." *Celotex Corp.*, 477 U.S. at 331. Alternatively, "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Thus, the Court will first investigate Schindler's claims that they did not breach any duty, and that there is a lack of evidence that Schindler's conduct caused the alleged injury.

Schindler asserts that the deposition testimony is "devoid of any evidence that could lead to a reasonable inference that Schindler was negligent in its performance of the maintenance contract." Rec. Doc. 89, p. 4. Indeed, Schindler has submitted affirmative evidence in the form of copies of the "Service Operations Work Reports." The Work Reports show not only that Schindler provided "preventive maintenance," but also that there were no reported problems with the doors on Elevator #3 from May 2, 2004 through October 29, 2004. Rec. Doc. 89, Parts 5-12.[3] Furthermore, the Court agrees with Schindler that this case is both legally and

---

[3] Karl notes that the same elevator, Elevator #3, has malfunctioned in the past. *See Kirkland v. Marriott Intern., Inc.*, 416 F.Supp.2d 480 (E.D.La. 2006) (Vance, J.). In *Kirkland*, the plaintiffs alleged that the elevator malfunctioned by dropping several feet. The Court finds that dropping several feet is not sufficiently analogous to the alleged malfunctioning in this matter to be material. In addition, the malfunction in *Kirkland* occurred in March of 2003; Karl alleges that the elevator malfunctioned in August of 2004. There is no evidence that the elevator malfunctioned between March 2003 and August 2004.

factually similar to *Spott*. In that case, an elevator malfunctioned, and the defendant had a duty to inspect and maintain the elevators. *Spott*, 601 So.2d at 1362. The Louisiana Supreme Court "reiterated what a plaintiff must establish for liability based on negligence to attach: (1) The conduct in question was a cause in fact of the resultant harm; (2) The defendant owed a duty to plaintiff; (3) The duty owed was breached; and (4) The risk or harm caused was within the scope of the breached duty." *Id.* at 1361-62. The Louisiana court found that the elevator maintenance firm was free from liability because there was no evidence that the elevator firm breached its duty. *Id.*

In this case, Schindler argues that Karl cannot meet her burden to demonstrate negligent maintenance without an elevator expert. The Court is not convinced by that argument. However, the maintenance logs list almost daily elevator inspections, and have convinced the Court that Schindler reasonably performed its duties to maintain the Marriott's elevators. Just as the state court found in *Spott*, the record in this matter shows that the elevator maintenance firm adequately performed under its contract. Indeed, following a detailed review of the maintenance records, it is difficult for the Court to imagine that a more thorough maintenance program could have been implemented. Therefore, the Court finds that Schindler's conduct was reasonable under the circumstances.

Moreover, Karl opposes summary judgment with bare assertions, such as, "the doors closed rapidly, faster than they should in the course of ordinary use." Under federal law, unsubstantiated assertions or mere allegations are not sufficient to oppose summary judgment. *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 884-85 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649-51 (5th

Cir. 1992). In this matter the Court finds that Schindler, as the moving party, has successfully presented evidence that it was not negligent. Specifically, Schindler has shown that there is no evidence that it breached its duty of care. Because there is no genuine issue of material fact regarding Schindler's reasonable maintenance program, summary judgment is appropriate.[4]

**IV. CONCLUSION**

Based on the foregoing,

IT IS ORDERED that Schindler's Motion for Summary Judgment is GRANTED (Rec. Doc. 89).

IT IS FURTHER ORDERED that Karl's Cross-Motion for Summary Judgment is DENIED (Rec. Doc. 96).

New Orleans, Louisiana, this 14th day of April, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[4] Karl's argument that *res ipsa* should apply to this matter does not alter the conclusion. Under *res ipsa loquitur*, the circumstances surrounding the incident must be "so unusual" as to raise an inference of negligence. Elevator doors obviously open and close. If a person enters an elevator as the doors are closing, he or she may then be struck by the doors. Schindler has affirmatively shown that it did not breach its duty of care in this matter, and thus, Schindler has surmounted a *res ipsa loquitur* presumption of negligence. *See Spott*, 601 So.2d at 1363 (stating "[a]lthough *res ipsa* may have been properly invoked in this case, its invocation alone does not carry the day because, as noted above, Otis's explanation of the accident sufficiently rebutted any presumption of negligence.")